JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

*Filed Under Seal*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Kai Lyman

### DEFENDANTS
Philadelphia Court of Common Pleas, Domestic Relations Division, Hon. Margaret Murphy, and Hon. Anne Marie Coyle

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Not Known

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. s 1983

Brief description of cause:
ACTION FOR VIOLATION OF I, VI, XIV Amendments

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** INJ DJ TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/29/2016

SIGNATURE OF ATTORNEY OF RECORD: *[signature]* ESQ, PRO SE

SEP 29 2016

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS

**UNITED STATES DISTRICT COURT**

16 5191

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. BOX 312 BRYN MAWR PA 19010

Address of Defendant: 1501 ARCH ST PHILADELPHIA PA 19102

Place of Accident, Incident or Transaction: NO
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: N/A  Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____  _____ Attorney-at-Law  _____ Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

SEP 29 2016

DATE: 9/29/16  _____ Attorney-at-Law  Pro Se  _____ Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

KAI LYMAN : CIVIL ACTION
v. :
PHILADELPHIA : NO. **16  5191**
FAMILY COURT

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

9/29/16          Kai Lyman Esq.
Date            Attorney-at-law         Attorney for Pro se
215-480-7987                           kailyman@gmail.com

Telephone        FAX Number             E-Mail Address

(Civ. 660) 10/02

SEP 29 2016

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI LYMAN<br><br>v.<br><br>PHILADELPHIA COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION, THE HONORABLE MARGARET T. MURPHY, ADMINISTRATIVE JUDGE, AND HONORABLE ANNE MARIE B. COYLE, TRIAL JUDGE | **16   5191**<br><br>**COMPLAINT UNDER 42 U.S.C. § 1983**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Kai W. Lyman ("Plaintiff") hereby avers as follows as his Complaint against the above-named Defendants and may file an amended complaint within the time prescribed by law or rule:

## INTRODUCTION

1. Plaintiff brings this action for deprivation of federal rights under the color of state law as an action for money damages, declaratory, and/or injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, under the law of the Commonwealth of Pennsylvania, and the *Ex Parte Young*, 209 U.S. 123 (1908), doctrine. This action arises from a no-fault divorce involving Plaintiff and Plaintiff's spouse filed in 2012, some two years after the parties' separated, and a support action for child support, alimony, and alimony *pendente lite* (collectively, "support"). Plaintiff has no issue paying support for his children, and the purpose of this action is not any attempt to avoid payment of adequate support, but rather an effort to remedy deleterious effects of the recent deprivations of rights. The orders of Defendants, officials of the Domestic Relations Division ("DRD") of the Philadelphia Court of Common Pleas, and the constitutional deprivations set

forth therein potentially harm Husband's ability to future earnings to the detriment of himself, his spouse, and their children.

2. The DRD entered a series of support enforcement orders intended to compel support payments from an **expired**, **withdrawn** settlement offer that Husband had **not** received after the DRD previously **refused three times** to compel Plaintiff's signature of the settlement and after it enjoined Plaintiff from accessing his only material asset to pay that same support. At the time of the orders, Husband applied to approximately 100 employment opportunities over approximately one year, consistent with the number of application that are adequate under the standards imposed by Pennsylvania unemployment law and in excess that required by Pennsylvania case law. There was no basis in law or equity for the orders, and Plaintiff was not offered an attorney.

3. Plaintiff alleges that Defendants violated state and federal law in entering orders dated October 29, 2014 and April 21, 2015 seeking to enforce an order of support, which was subject to petitions to modify filed months in advance (April of 2014) of the first October 29, 2014 hearing because of Plaintiff's continuing inability to find employment comparable to that held by him when the orders of support were first entered. The modification petitions, first filed in April of 2014, were not decided until October of 2015, months after the orders complain of herein, and the amended support order dramatically reduced the support payable from October 1, 2014 forward.

4. Plaintiff seeks to vindicate the important constitutional rights articulated in the federal and state law, including, without limitation, the requirement that the Court hold full and fair hearings on pending modification petitions before making enforcement orders, hearing the new evidence that was relevant to those topics, and fairly affording an opportunity to reach a

settlement with Plaintiff's former employer when his assets on hand were approximately 10% of the purge factor that the Court ordered, consider the evidence actually presented at the hearing (including the amount of support paid, which is incorrect in the opinions), and the DRD's own injunction preventing compliance with its orders.

## PARTIES

5. Plaintiff, is an attorney admitted to practice law before the Supreme Court of the Commonwealth of Pennsylvania. Plaintiff is currently a resident of City of Philadelphia and has never before commenced litigation in any United States District Court.

6. Defendants Philadelphia Court of Common Pleas, Domestic Relations Division, the Honorable Margaret T. Murphy, Administrative Judge, the Honorable Anne Marie B. Coyle are court officials of the Philadelphia Court of Common Pleas, Domestic Relations Division, and other unidentified officials of the Philadelphia Court of Common Pleas or other administrative or judicial offices (collectively, "Domestic Relations Division", "DRD," or "Court").

## JURISDICTION

7. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

8. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

3

10. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## JURY DEMAND

11. To the extent allowed by applicable law, Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## STATEMENT OF CLAIM

12. This action arises from the DRD resolution of claims in child support, alimony, and alimony *pendente lite*.

13. The actions and inactions of various officials of the DRD violate clearly established statutory or constitutional rights of which a reasonable person would have known.

14. The actions and inactions of the Domestic Relations Court violated the substantive and procedural Due Process rights of Plaintiffs.

15. The petition for an enforcement order was issued by DRS, argued by private counsel for Plaintiff's spouse, and no witnesses were called for or by private counsel other than Plaintiff.

16. Plaintiff was not offered counsel by the Court, nor provided counsel in violation of state and federal law.

17. Plaintiff's request to postpone imposition of the remedy set forth in the October 29, 2014 Order of the DRD was denied in violation of law given Plaintiff's present inability to comply with the orders.

18. The Court previously rejected on three separate occasions (on or about November 5, 2013, November 25, 2013, and April 28, 2014), counsel for Wife's requests to compel Plaintiff to accept a settlement agreement from Husband's former employer.

4

19. The Court subsequently imputed the amount of the withdrawn settlement offer as income for purposes of support despite the fact that Husband had not received the confidential settlement, Plaintiff's former employer had withdrawn the settlement, Plaintiff had no other significant assets from which to make support payments, and Plaintiff, despite a reasonable employment search including approximately 100 employment applications within and outside the field of expertise, had not found comparable employment. A few months before the October 2014, one Judge of DRD noted: "I think [Plaintiff] has made substantial efforts to mitigate in the fact that he is trying to get employment . . . . It's not like he let things slide. And I think all of us can also recognize that the field for attorneys is not exactly easy at this point"

20. Plaintiff's only significant asset, his retirement account from which to make support payments was enjoined by the Court, and Husband promptly petitioned for partial distributions from the account after depleting our resources by making support payments, paying the mortgage on the marital residence, which was listed for sale and subsequently sold at a significant loss, and paying other ordinary living expenses.

21. In the days before the October 29, 2014 hearing, the Court denied Husband's application for a partial distribution to pay support obligations, thereby precluding as a matter of law Plaintiff's ability to pay the existing support orders. DRD's injunction against Plaintiff's only significant asset remained on the day of its order, and DRD refused to allow Plaintiff to negotiate with his former employer to obtain a renewed settlement offer from which to pay support.

22. The Court, or other officials, subsequently appear to have disclosed confidential medical information regarding Plaintiff, which is protected by law and potentially harms Plaintiff's efforts to find other employment and increase his support.

5

23. The October 29, 2014 Order entered by the Court made no finding regarding Plaintiff's present ability to comply with the support order or the purge amount in violation of both state and federal statues, regulations, rules, and caselaw.

24. Although the case record of the October 29, 2015 hearing provides "For the record, I am introducing as if set forth in full the full payment history and record of this case number throughout the Clerk of Family Courts. I assume no one has an issue with that. And I'm taking judicial notice when payments were made and when they were not made and the respective balances." However, upon review of the record, Plaintiff could not locate such document, of which this Court must take judicial notice, and Plaintiff submitted support payments provided by PACSES. Plaintiff had in fact paid approximately $20,000 in support that year alone at the time of the hearing.

25. The opinions misstate the county of residence of Plaintiff, as a county other than which jurisdiction would exist for the DRD.

26. On or about June 29, 2016, the Court issued a decree approving a no fault divorce and resolving the remaining economic claims and alimony. Although Plaintiff maintained a post office box at a U.S. post office, he never received the Decree. Counsel for Plaintiff's spouse provided a copy of the Decree the day after the appeal period expired, and Plaintiff has filed for permission to appeal *nunc pro tunc*.

## COUNT I
### (Violation of 42 U.S.C. § 1983)

27. Plaintiff incorporates Paragraphs 1 through 26 as if restated fully herein.

28. The conduct of the Defendants in implementing the Plaintiff proximately caused physical, emotional and financial injury to them, as well as serious physical and emotional pain

6

and suffering. An individual, not the Plaintiff, suffered what appeared to be a significant medical event immediately after the hearing.

29. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

30. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined, or a declaration entered, from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

31. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their rights under the Due Process Clause and the Sixth Amendment of U.S. Constitution, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

32. Defendants' actions were taken in retaliation for Plaintiff exercising his assertion of rights protected by federal and state law.

33. As a direct and proximate result of the individual Defendants' unlawful actions, Plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment. Plaintiff seeks injunctive and declaratory relief to remedy the ongoing harm that the Opinions arising from the Orders may cause in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows and does not include a specific prayer to compel the return of any sums of child support, alimony, or alimony *pendente lite*, which are fully paid with a credit (and no arrears):

a. A declaration that Defendants' conduct violated the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and Plaintiffs' rights under the Commonwealth of Pennsylvania's Constitution and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

b. A mandatory injunction requiring that Defendants possessing any information arising from the Orders complained of herein shall collect and deliver to the Plaintiffs all such records and delete all such information from their records;

c. A mandatory injunction requiring Defendants, and any newly assigned Judges, from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful Fifth, Sixth, and Fourteenth Amendment activities explained of herein or to immediately impose remedies for alleged violations of existing support orders or enforcement orders without making independent fact-finding of the requisite elements, including, without limitation, present ability to comply with any such order and, to the extent required, factual determinations necessary to determine each element of any proposed enforcement order, and to provide counsel if Plaintiff lacks the financial ability to retain one independently;

e. Award Plaintiffs punitive damages;

d. Award Plaintiffs compensatory damages and/or attorneys' fees, including, but not limited to any emotional distress, recompensable costs related, and any other compensatory damages as permitted by law and according to proof at trial;

e. Award attorney's fees pursuant to 42 U.S.C. § 1988;

f. Award costs of suit; and

g. Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

8

Respectfully Submitted,

_____
Kai W. Lyman, Esq.
P.O. Box 312
Bryn Mawr, PA  19010
215-480-7987

September 29, 2016

## VERIFICATION

I verify that the statements made in this pleading are true and correct to the best of my belief and knowledge.  I understand that false statements herein are <u>made</u> subject to the penalties.  Sworn to in Philadelphia, Pennsylvania.

_____
Kai W. Lyman

9