# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAI LYMAN : | |
| : | CIVIL ACTION |
| *Plaintiff* : | |
| : | NO. 16-cv-5191 |
| v. : | |
| : | |
| PHILADELPHIA COURT OF COMMON PLEAS, : | |
| DOMESTIC RELATIONS DIVISION *et al.* : | |
| : | |
| *Defendants* : | |

# **O R D E R**

**AND NOW** this           day of                          2017, upon consideration of Defendants' Motion to Dismiss Plaintiff's Complaint and Plaintiff's Response,

It is **ORDERED** and **DECREED** that the said Motion to Dismiss is hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED**, with prejudice.


BY THE COURT:

_____
United States District Judge Juan Sanchez

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KAI LYMAN | : | |
| --- | --- | --- |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-cv-5191 |
| v. | : | |
| | : | |
| PHILADELPHIA COURT OF COMMON PLEAS, | : | |
| DOMESTIC RELATIONS DIVISION *et al.* | : | |
| | : | |
| *Defendants* | : | |

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOW COME DEFENDANTS**, the Domestic Relations Division of the Philadelphia Count of Common Pleas, the Honorable Margaret T. Murphy and the Honorable Anne Marie B. Coyle, by and through undersigned counsel, who move this Honorable Court to dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12 (b)(1) and 12(b)(6), and aver in support as follows:

1. Plaintiff filed this action for monetary damages and declaratory and injunctive relief pursuant to the civil rights enabling statute, 42 U.S.C. § 1983, for alleged violations of his constitutional rights in connection with his state Court child support and alimony cases.

2. Plaintiff names as Defendants the Domestic Relations Division of the Philadelphia Court of Common Pleas, Family Court Administrative Judge the Honorable Margaret T. Murphy and the Honorable Anne Marie B. Coyle, the trial Judge who presided over his support and alimony cases.

3. Plaintiff complains of two state Court support Orders which he contends were wrongfully issued because they were based upon expired and withdrawn settlement offers from his former employer, and thus did not accurately reflect his financial resources.

4. Plaintiff avers that he did not receive a copy of his divorce decree until after the appeal period had expired, and that he has filed for permission to appeal the Court Orders *nunc pro tunc*. (Complaint ¶ 26)

5. Plaintiff prays for relief in the form of monetary damages, a declaration that the Defendants' conduct violated his constitutional rights, and a mandatory injunction requiring that Defendants deliver to him any information arising from the complained-of support orders and imposing remedies that would rectify the existing challenged orders.

6. This Honorable Court lacks subject matter jurisdiction to hear this matter because Plaintiff's claims are barred by "the domestic relations exception" to federal jurisdiction.

7. Parties are thus barred from bringing actions in federal Court when they are dissatisfied with state Family Court support, alimony and custody orders.

8. This Court lacks jurisdiction also because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

9. The *Younger v. Harris* abstention doctrine is applicable to these ongoing state Court proceedings.

10. Plaintiff's claims are properly dismissed pursuant to the immunity afforded by the Eleventh Amendment to the United States Constitution.

11. Plaintiff's claims are barred by the fact that the Philadelphia Court of Common Pleas is not "a person" as defined by 42 U.S.C. §1983.

12. Any individual capacity claims against the Judicial Defendants are barred by the immunity afforded by absolute judicial immunity.

13. Plaintiff's prayer for mandatory injunctive relief is improper.

14. Plaintiff's request that this Court compel the state Court and state judicial officials to take specific actions violates principles of federalism and comity.

15. Any request on the part of Plaintiff for leave to amend his Complaint would be futile since the Court lacks subject-matter jurisdiction over his claims, and he cannot state a claim upon which relief can be granted in light of the legal defenses set forth above.

**WHEREFORE**, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

**/s/ Martha Gale**
**MARTHA GALE, ESQUIRE**
Attorney I.D. No. PA 22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI LYMAN | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-cv-5191 |
| v. | : | |
| | : | |
| PHILADELPHIA COURT OF COMMON PLEAS, | : | |
| DOMESTIC RELATIONS DIVISION *et al.* | : | |
| | : | |
| *Defendants* | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I.  **INTRODUCTION**

Plaintiff filed this action for monetary damages and declaratory and injunctive relief for alleged violations of his constitutional rights pursuant to the civil rights enabling statute, 42 U.S.C. § 1983. He names as Defendants the Domestic Relations Division of the Philadelphia Court of Common Pleas, Family Court Administrative Judge the Honorable Margaret T. Murphy and the Honorable Anne Marie B. Coyle, the trial Judge who presided over his state Court spousal and child support cases.

Plaintiff complains of two state Court support Orders which he contends were wrongfully issued because they were based upon expired and withdrawn settlement offers from his former employer, and thus did not accurately reflect his financial resources. He avers that he did not receive a copy of his divorce decree until after the appeal period had expired, and that he has filed for permission in the state Court appellate system to appeal *nunc pro tunc*. (Complaint ¶ 26)

1

Plaintiff prays for relief in the form of monetary damages, a declaration that the Defendants' conduct violated his constitutional rights, and a mandatory injunction requiring that Defendants deliver to him any information arising from the complained-of support orders and imposing remedies that would rectify the existing challenged orders.

Defendants file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on the ground that this Honorable Court lacks subject matter jurisdiction to hear this matter because Plaintiff's claims are strictly barred by "the domestic relations exception" to federal jurisdiction, and for the other reasons set forth below.

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION.

The United States Supreme Court has repeatedly recognized a domestic relations exception to federal jurisdiction, leaving that area of the law to the states. *See Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12 (2004). "Thus, while rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, . . . in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Id*. at 13 (citations omitted) *See also Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010)

Here, no federal question exists apart from the family law issues of Plaintiff's child support and alimony obligation, issues that are matters for the domestic relations courts of this Commonwealth. See *Bukovinsky v. Pennsylvania*, 2011 U.S. Dist. LEXIS 112402 *8 (W.D. 2011)("This Court is precluded from granting the injunctive and declaratory relief that Plaintiff seeks under the 'domestic relations exception' to federal jurisdiction, which divests federal courts

2

of the power to issue rulings regarding divorce, alimony, and child support and custody matters)(emphasis added), citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), aff'd 455 Fed. Appx. 163 (3d Cir. Pa., 2011); *Boone v. State*, 2012 U.S. Dist. LEXIS 157330 *9 (E.D. 2012)("In this case, Boone attacks the child support order. He presents a family law issue that is within the purview of the domestic relations exception. Hence, the federal court lacks subject matter jurisdiction over Boone's claim); *Conklin v. State Corr. Inst*., 2011 U.S. Dist. LEXIS 95996 *17 (W.D. 2011)("this Court is precluded from granting the relief Plaintiff seeks by the 'domestic relations exception' to federal jurisdiction, which divests federal courts of the power to issue rulings regarding divorce, alimony, and child support and custody matters), citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

If a state Court plaintiff in a support, alimony, custody or divorce action were permitted to challenge the Court's rulings in a federal tribunal, the federal Courts would be inundated and overwhelmed with domestic relations matters that are properly addressed in the state Court system. If Plaintiff here is dissatisfied with rulings and orders entered in the underlying Family Court matter, his recourse was and is to seek remedies within the state Court system, as this action is strictly barred by the domestic relations exception to federal jurisdiction, thus divesting this Honorable Court of subject matter jurisdiction.

  **B. PLAINTIFF IMPROPERLY SEEKS REDRESS FOR INJURIES THAT RESULTED FROM ADJUDICATIVE ORDERS OF THE PENNSYLVANIA COURTS, WHICH VIOLATES THE *ROOKER-FELDMAN* DOCTRINE.**

Plaintiff complains of improper child support and alimony orders issued in Domestic Relations Division of the Philadelphia Court of Common Pleas. It is well settled, however, that federal courts lack jurisdiction to review state court judgments where the relief sought is in the

nature of appellate review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the long-established *Rooker-Feldman* doctrine, a federal district Court has no authority to review the propriety of judgments of a state court where the losing state court party complains of injuries from the state court ruling. *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008). [1]

Because jurisdiction to review a state court's decisions rests in the Pennsylvania appellate Courts, federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment. *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004). The *Rooker-Feldman* doctrine extends to claims actually raised in state Court and to those that were not raised in state Court but are "inextricably intertwined" with the state Court adjudication. *See Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed.Appx. 149, 152-53 (3d Cir. 2009).

Here, Plaintiff challenges the propriety of two state Court child support and alimony orders. In order to grant his requested relief, this Court would have to conclude, in violation of the *Rooker-Feldman* doctrine, that the state Court wrongly issued its orders. District courts are barred, however, from "entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). Although Plaintiff avers that he has filed for permission to appeal *nunc pro*

---

[1] Because this case is ongoing in the state Court since Plaintiff has filed for permission to appeal *nunc pro tunc*, abstention is proper pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Abstention is appropriate when a federal proceeding would interfere with an ongoing state judicial proceeding, important state interests are implicated in the state action and the state proceeding offers sufficient opportunity to raise the claims asserted in federal Court. See *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Thus, concerns of comity and federalism which underlie the *Younger* doctrine dictate that abstention is proper here where all criteria are met.

*tunc*, it appears that he applies to this Honorable Court for relief in the event that his appeal is rejected by the state appellate Courts, in violation of the *Rooker-Feldman* doctrine.

Pursuant to *Rooker-Feldman*, this Honorable Court lacks subject matter jurisdiction over this case. *See Bayer v. Monroe Co. Child & Youth Servs*., 2007 U.S. Dist. LEXIS 76688 *12 (M.D. Pa. 2007)(M.D. Pa. 2007) rev'd on other grounds, 577 F.3d 186 (3d Cir. 2009), where the District Court for the Middle District found that a claim that the state Court had erred in removing children from their father's custody was barred by the *Rooker-Feldman* doctrine. In dismissing the federal Fourteenth Amendment substantive due process claims as prohibited by *Rooker-Feldman*, the *Bayer* Court noted that "(a)lthough the Plaintiffs present evidence that the police were not present at the time of the children's removal, <u>they do not have a remedy with this Court. These claims are a prohibited call to review the state court's judgment</u>." (Emphasis added.) *Bayer* at *14. *See also McCurdy v. Esmonde*, 2003 U.S. Dist. LEXIS 1349 (E.D. Pa. 2003); *Carpenter v. Pennell School Dist. Elementary Unit*, 2002 U.S. Dist. LEXIS 15152 (E.D. Pa. 2002)(*Rooker-Feldman* barred suit seeking reversal of state custody decree), aff'd 2003 U.S. App. LEXIS 6797 (3d Cir. 2003), cert. denied, 540 U.S. 819 (2003)

Because Plaintiff's claims here constitute "a prohibited call to review the state court's judgment," they are prohibited.

### C. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE IMMUNITY AFFORDED BY THE ELEVENTH AMENDMENT.

The Eleventh Amendment to the United States Constitution acts as a bar to actions in federal Court to suits against states, state agencies, and state officials acting within the scope of

their official capacities, regardless of the type of relief sought. *See Kentucky v. Graham*, 473 U.S. 159, 165-167 (1985); *Laskaris v. Thornburgh*, 661 F.2d 23 (3rd Cir. 1981)

Notably, a suit against a state official in his official capacity is deemed a suit against the state, as in such circumstances, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Kentucky v. Graham, supra*. at 166. Thus, this suit against the two Judicial Defendants is actually a suit against the Court of Common Pleas of Philadelphia County, which is part of the Commonwealth of Pennsylvania. Hence, all civil rights claims against Moving Defendants are subject to the Eleventh Amendment. *See Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008).

The Philadelphia County Court of Common Pleas, or First Judicial District, is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. § 301(4). The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system." 42 Pa. C.S. §102. *See also Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3rd Cir. 2005); *Callahan v. City of Philadelphia*, 207 F3d 668, 672 (3d Cir. 2000). In *Benn*, citing *Pennhurst State School v. Haldeman*, 465 U.S. 89, 100 (1984) and *Hans v. Louisiana*, 134 U.S. 1 (1890), the Third Circuit Court of Appeals definitively ruled that Pennsylvania's Court entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity.

1 Pa. C.S. §2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the

immunity." (Emphasis added.) *See also,* 42 Pa. C.S. § 8521. Pennsylvania has not waived its Eleventh Amendment immunity. *See Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3rd Cir. 1981). For this reason, state entities of this Commonwealth are not subject to the waiver exception to sovereign immunity, but rather are entitled to full protection under the Eleventh Amendment.

Although Congress may abrogate Eleventh Amendment immunity if it unequivocally expresses the intention to do so under a valid exercise of power, the United States Supreme Court has repeatedly held that Section 1983 does not abrogate Eleventh Amendment immunity. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Koslow v. Pennsylvania*, 302 F.3d 161 (3rd Cir. 2002) Clearly, all claims against Moving Defendants in this case must be dismissed as improper pursuant to Eleventh Amendment immunity.

Thus, the Eleventh Amendment prohibits subject matter jurisdiction in this case, *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690 (3d Cir. 1996), and Plaintiff is precluded from maintaining any claim against the Court and against Judicial Defendants in their official capacities.

### D. DEFENDANTS ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

A claim under Section 1983 must allege that "a person" committed a civil rights violation. *Callahan v. City of Philadelphia et al.*, 207 F.3d 668, 672 (3d Cir. 2000). As set forth above, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent, in this case the Fifth Judicial District, which is also a named Defendant. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). It is well settled that a state defendant sued in an official capacity is not "a person" under §1983 and cannot be held liable for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989). For this reason,

7

the Court entity over which the Judicial Defendants preside as judicial officers is not "a person" under Section 1983. Accordingly, Plaintiff cannot maintain his claims against Moving Defendants in their official capacities.

> E. **PLAINTIFF'S CLAIMS AGAINST JUDICIAL DEFENDANTS, IN THEIR INDIVIDUAL CAPACITIES, ARE BARRED BY ABSOLUTE JUDICIAL IMMUNITY.**

A judge is immune from liability for all acts taken in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356.

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id*. A judge is immune even if the acts were committed during an alleged conspiracy, as is alleged here. *Dennis v. Sparks*, 449 U.S. 24 (1980).

The doctrine of judicial immunity applies to Section 1983 civil rights claims. *Id.*; *Corliss v. O'Brien*, 2005 U.S. Dist. LEXIS 42333 (M.D. Pa. 2005), aff'd 200 Fed. Appx. 80 (3rd Cir. 2006). Judges are immune from liability when the judge has jurisdiction over the subject matter; and s/he is performing a judicial act. *Stump*, 435 U.S. at 356. Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and to the expectations of

8

the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362. Here, Plaintiff dealt with Judicial Defendants in their judicial capacities only, which was the extent of their interaction.

In Pennsylvania, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. C.S. 931(a). Cleary, matters of child support and alimony are matters within the jurisdiction of Family Curt.

Notably, in *Parker v. Lehigh County Domestic Rels. Cou*rt, 2014 U.S. Dist. LEXIS 184469 (E.D. 2014), affirmed 621 Fed. Appx. 125 (3d Cir. Pa., 2015), which is on point, the plaintiff complained that the Pennsylvania court ruled incorrectly when it imposed child support obligations on him and then refused to modify or terminate them. The Court found that the Judge who issued those support orders was entitled to absolute judicial immunity.

As judges of the Family Court division of the Philadelphia County Court of Common Pleas, Judicial Defendants had jurisdiction to preside over the underlying support case. Thus, even if their rulings were in error, as is alleged here, or in excess of authority, they were issued with appropriate jurisdiction and in the Judges' judicial capacity. For this reason, absolute immunity attaches. *Stump* at 356; *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006).

### F. PLAINTIFF'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF IS IMPROPER.

#### 1. Declaratory Relief Is Not Available to Declare that Plaintiff's Constitutional Rights Were Violated.

Plaintiff asks that this Court declare that his constitutional rights were violated under the facts pled in his Complaint. Under the Uniform Declaratory Judgment Act of 1922, § 2,

however, the purpose of a declaratory judgment is to declare parties' "rights, status or other legal relations . . .[as] affected by statute, municipal ordinance, contract or other franchise," and is thus not applicable here.

Identically, in *Corliss v. O'Brien*, 200 Fed. Appx. 80, 84-85 (3rd Cir. 2006), the plaintiff requested that the Court declare that a judge violated his constitutional rights. The Third Circuit Court of Appeals held that:

> We believe that Corliss is not seeking declaratory relief in the true legal sense, however. See Fed.R.Civ.P. 57; 28 U.S.C. § 2201. In his complaint, Corliss asks that the District Court 'declare' that his constitutional rights were violated. Declaratory judgment is inappropriate solely to adjudicate past conduct. *Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85, 89 (D. N.J. 1993). Nor is declaratory judgment meant simply to proclaim that one party is liable to another. See *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed. Cir. 1994).

See also *Crown, Cork & Seal co. v. Borden, Inc*., 779 F. Supp. 33(E.D. Pa. 1991); *Grime v. Colburn's Air Conditioning & Refrigeration, Inc*., 2009 U.S. Dist. 75344 (W.D. Pa. 2009), aff'd 382 Fed. Appx. 203 LEXIS 10930 (3rd Cir. 2010).

Here, Plaintiff does not ask this Court to declare the parties' rights, status or other legal relations as affected by statute, municipal ordinance, contract or other franchise. Rather, as in *Corliss*, he requests that this Court declare that Defendants violated his constitutional rights. Thus, declaratory relief is not available to him in this context.

Further, as set forth above, this Honorable Court is precluded from granting declaratory and injunctive relief by the domestic relations exception to federal jurisdiction. See *Bukovinsky v. Pennsylvania*, 2011 U.S. Dist. LEXIS 112402 *8 (W.D. 2011)("This Court is precluded from granting the injunctive and declaratory relief that Plaintiff seeks under the 'domestic relations exception' to federal jurisdiction, which divests federal courts of the power to issue rulings

10

regarding divorce, alimony, and child support and custody matters), citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), aff'd 455 Fed. Appx. 163 (3d Cir. Pa., 2011)

> **2.     Plaintiff's Claims for Injunctive Relief Are Barred by the 1996 Federal Courts Improvement Act.**

As set forth below, Judges are immune from liability for all acts taken in a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). The Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, 110 Stat. 3847 (1996), ("FCIA") amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to injunctive relief as well as to damages, <u>and</u> to preclude costs and attorney's fees in suits against the judiciary.

The 1996 Congressional amendments to 42 U.S.C. § 1983 provided that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Azubuko v. Royal, supra.*, at 303-304 (3d Cir. 2006)(Section 1983 provides that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."), citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000).

The *Azubuko* Court explained that the 1996 amendment to Section 1983 applies to both state and federal judges, and dismissed the plaintiff's appeal; the defendant/judge was entitled to judicial immunity since all of the actions he had taken were in his capacity as a judge. The Court also barred plaintiff's application for injunctive relief because, as here, that request did not address the actions of the judge other than in his judicial capacity. Because Plaintiff here does

not allege that any declaratory decree was violated or that declaratory relief is unavailable, his claim for injunctive relief is barred.

### 3. Plaintiff's Request for Mandatory Injunctive Relief Is Improper Because This Court Will Not Compel Action by State Courts or Judicial Officials.

Plaintiff's request that this Court compel the state Court and state judicial officials to take specific actions is improper and violates principles of federalism and comity. Plaintiff's request for relief actually sounds in mandamus because he asks this Honorable Court to issue an order requiring that Defendants deliver to him any information arising from the complained-of support orders and imposing remedies that would rectify the existing challenged orders. This Court will not, however, compel action by state judicial officials. 28 U.S.C. § 1361 provides: The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. See Fed. R.Civ.P. 81(b)(abolishing the writ of mandamus); see also *Gregris v. Edberg*, 645 F.Supp. 1153, 1156 (W.D. Pa. 1986).

Under Section 1361, federal district Courts have jurisdiction over mandamus actions seeking to compel federal, not state, officers and employees to perform ministerial duties. *Steinberg v. Supreme Court of Pa.*, 2009 U.S. Dist. LEXIS 49980, 83-84 (W.D. Pa. 2009); *Lebron v. Armstrong*, 289 F.Supp.2d 56, 58 (D.Conn. 2003); *Robinson v. People of the State of Illinois*, 752 F.Supp. 248 (N.D.Ill. 1990). "Federal courts have no general power to compel action by state officers . . ." *Id.* at 248-249. See also *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

The other statutory provision upon which a writ of mandamus may be based is the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of

Congress may issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Pursuant to this statute, federal Courts have the power "to enter such orders as may be necessary to enforce and effectuate their lawful orders and judgments, and to prevent them from being thwarted and interfered with by force, guile, or otherwise, whether the person charged with the violation of the judgment or decree was originally a party defendant to the action." *Gregris v. Edberg, supra*. at 1157.

As this standard renders clear, mandamus, or its equivalent, may only be granted under the All Writs Act where such a writ is necessary to aid a federal court's previously-acquired jurisdiction. *Hein v. Arkansas State University*, 972 F.Supp. 1175, 1180-1181 (E.D.Ark. 1997). Since this case clearly does not implicate a previous order issued by this Court, the All Writs Act is inapplicable to allow mandamus.

Further, Plaintiff seeks to have this Court compel the state Court to take specific action, which violates the principles of federalism and comity on which the Third Circuit relied in *Lui v. Comm'n on Adult Entm't Establishments of Del*., 369 F.3d 319, 326 (3rd Cir. 2004)("State courts are every bit as competent to deal with the claims of the appellant (in this case, the defendant in the criminal proceeding) as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution.")

See also *In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, supra*.; *In re Brown*, 382 Fed. Appx. 150, 150-51 (3rd Cir. 2010), citing *In re Tennant*, 359 F.3d 523, 531, 360 U.S. App. D.C. 171 (D.C. Cir. 2004) ("explaining that

mandamus jurisdiction lies with the court that has the ultimate authority to review a decision");
*Hoey v. Toprani*, 285 Fed.Appx. 960, 961 (3d Cir. 2006).

Moreover, mandamus is a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005), citing *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996). This matter does not involve "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." Plaintiff here improperly seeks equitable relief by requesting that this Court mandate the state Court and its Judges to take his desired actions and directly intervene in his child support and alimony proceedings.

Finally, as set forth above, the Philadelphia Court of Common Pleas is an entity of the Unified Judicial System of Pennsylvania, and, the Eleventh Amendment to the United States Constitution acts as a bar in federal Court to suits against states, state agencies, and state officials acting within the scope of their official capacities, <u>regardless of the type of relief sought</u>, here, declaratory and injunctive relief in the form of mandamus. See *Kentucky v. Graham*, 473 U.S. 159, 165-167 (1985); *Laskaris v. Thornburgh*, 661 F.2d 23 (3rd Cir. 1981).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

**/s/ Martha Gale**
**MARTHA GALE, ESQUIRE**
Attorney I.D. No. PA 22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI LYMAN | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 16-cv-5191 |
| v. | : | |
| | : | |
| PHILADELPHIA COURT OF COMMON PLEAS, | : | |
| DOMESTIC RELATIONS DIVISION *et al.* | : | |
| | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 9, 2017, she personally caused to be served upon the following a true and correct copy of the foregoing *Motion to Dismiss Plaintiff's Complaint and Brief in Support of Motion*, by mailing same first class, postage pre-paid, U.S. mail to:

Kai Lyman
P.O. Box 312
Bryn Mawr, PA 19010

                                                    **/s/ Martha Gale**
                                                  **MARTHA GALE, ESQUIRE**
                                                  Attorney I.D. No. PA 22190
                                                  Supreme Court of Pennsylvania
                                                  Administrative Office of PA Courts
                                                  1515 Market Street, Suite 1414
                                                  Philadelphia, PA 19102
                                                  legaldepartment@pacourts.us
                                                  (215) 560-6300, Fax: (215) 560-5486
                                                  ***Attorney for Defendants***