## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAI LYMAN

v.

PHILADELPHIA COURT OF COMMON
PLEAS, DOMESTIC RELATIONS
DIVISION, ET AL.

**Civil Action No. 16-5191**

### PLAINTIFF'S MOTION TO REOPEN, AMEND, AND/OR
### FOR RELIEF FROM JUDGMENT

Plaintiff hereby respectfully submits the following Memorandum of Law in Support of

Plaintiff's Motion to Reopen, Amend, and/or for Relief from Judgment ("Motion").  Plaintiff

respectfully moves under Rules 59(a)(2), 15(a), 60(b) of the Federal Rules of Civil Procedure to

vacate or amend the Court's June 29, 2017 Memorandum and Order (Doc. 15), June 29, 2017

Clerk's Entry (Doc.16), and instruct the Clerk to re-open the case and substitute the Complaint

(Doc. 1) with a complaint filed by Plaintiff that is substantially similar to the First Amended

Complaint attached to Plaintiff's Motion as Exhibit 1, to be filed by Plaintiff not later than seven

(7) business after any such Order by this Court.  Alternatively, Plaintiff requests that the June 29,

2017 Order be amended to provide that the dismissal of the Complaint was without prejudice,

that the June 29, 2017 Clerk's Judgment be vacated, and that the Clerk be instructed to re-open

the case and that a complaint substantially similar to Plaintiffs' First Amended Complaint be

filed by Plaintiff not later than seven (7) business days after entry of any such Order.  Plaintiff

requests seven (7) days to file the amended complaint because Plaintiff is *pro se*, works two jobs

and may need to seek confidentiality protections for medical, financial, professional, or family

information included in any such complaint or the filing herein.   Plaintiff also requests

permission to propound discovery to Defendants regarding other facts not within the possession

of Plaintiff in order to add further detail or information to the claims asserted in the draft First

Amended Complaint.  Plaintiff also submits herewith a Declaration verifying factual assertions set forth in the draft First Amended Complaint and setting forth other information.

## **INTRODUCTION**

Plaintiff, a *pro se* plaintiff who works two jobs and is enrolled in part time school program, brings this Motion to resolve important Constitutional deprivations *without* challenging the underlying economic resolutions and without inviting this Court to interfere with any ongoing state court proceeding, of which there are none.

This Motion should be granted because Plaintiff as a pro se litigant asserting Constitutional deprivations that were not heard by the state courts is entitled to amend his pleading.  Furthermore, there is no basis for *Younger v. Harris,* 401 U.S. 37, 43-44 (1971), abstention because Plaintiff is not seeking to challenge the economic resolution of the state court orders and the state court proceedings refused to hear the constitutional deprivations.  Defendants' argument plainly asserted that the existence of Plaintiff's petition to appeal *nunc pro tunc* made exercise of *Younger* and *Rooker-Feldman* abstention proper.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 26 3 U.S. 413 (1923); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010).  However, there can be no dispute that Plaintiff's petition was denied without any substantive determinations.

Defendants argue that this Court should refrain from exercising its authority to remedy deprivations of Constitutional rights because of a pending state court proceeding. Def.'s Mem. in Support of Motion to Dismiss, at p. 4 n.1.  Although the deprivations at issue are capable of repetition and evading review and although the orders' effects do not continue by virtue of Plaintiff's payment of purge factors in 2014 and 2015, there are

2

presumptive collateral consequences under existing jurisprudence that the First Amended

Complaint properly seeks to remedy.  Plaintiff proposes to plead new facts and elaborate

on the procedural posture of the underlying rights now that the Court has explained its

reasoning.  Defendants asserted:

> Because this case is ongoing in the state Court since Plaintiff has filed for permission to appeal *nunc pro tune,* abstention is proper pursuant to *Younger v. Harris,* 401 U.S. 37, 43-44 (1971). Abstention is appropriate when a federal proceeding would interfere with an ongoing state judicial proceeding, important state interests are implicated in the state action and the state proceeding offers sufficient opportunity to raise the claims asserted in federal Court. See *Anthony v. Council,* 316 F.3d 412,418 (3d Cir. 2003). Thus, concerns of comity and federalism which underlie the *Younger* doctrine dictate that abstention is proper here where all criteria are met.

*Id.*

Unfortunately, because of the pendency of various motions and the inability to resolve

the no-fault, statutory separation divorce that involved one liquid asset that was pending since

2012, Plaintiff was required to appeal the enforcement orders in a piecemeal fashion.  On or

about November 2, 2016, the Supreme Court denied appellate relief regarding the February

19, 2016 Order of the Superior Court, affirming the April 21, 2015 enforcement Order

without deciding expressly the Constitutional claims.  Similarly on or about October 4, 2016,

the Superior Court denied Plaintiff's application for permission to appeal *nunc pro tunc*,

denied.  Most importantly, none of the decisions contain any holding regarding Plaintiff's

claims, brought as a *pro se* litigant who could not afford counsel, under the VI Amendment,

the XIV Amendment, or the Pennsylvania Constitution that he lacked the present ability,

beyond a reasonable doubt, to comply with the purge requirements on the day of the Orders,

that the Court failed to make requisite findings, the Court failed to appoint counsel for one of

the hearings, and that Plaintiff could not possess the present ability to comply while the Court

enjoined his only significant asset.  Although the state proceeding is undoubtedly important—

ensuring the prompt as possible payment of support—there is simply no risk of interference in

the proceeding and Plaintiff's Constitutional rights should be vindicated by this Court.  There

is simply no basis to exercise abstention and Plaintiff renews his requests to plead additional

facts, including facts arising after the commencement of this action to demonstrate why the

exercise of Younger abstention is inappropriate.

     Similarly, *Rooker-Feldman* provides no basis for this Court to refuse to consider the

important interests protected by the claims asserted herein.  This Court explained the doctrine

as follows:

> The *Rooker-Feldman* doctrine bars lower federal courts from exercising
> jurisdiction over a case that is the functional equivalent of an appeal from a state
> court judgment." *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004); s*ee
> Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (noting a losing party in
> state court may not seek "what in substance would be appellate review of the state
> judgment in a United States district court, based on the losing party's claim that
> the state judgment itself violates the loser's federal rights"). In other words, the
> doctrine precludes "lower federal court jurisdiction over claims that were actually
> litigated or those inextricably intertwined with adjudication by a state court."
> *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (internal
> quotation marks omitted).

Mem., at 7.  The Constitutional claims were not litigated, including the fact that the State

Court's very injunction prevented Plaintiff from using his only material assets to pay the

amounts demanded by the Court, thereby precluding as a matter of law any finding that the

Orders complied with the Constitutional requirements.  In fact, the post-deprivation

proceedings simply asset that the fact that Plaintiff's relative paid the amounts means that

Plaintiff in fact possessed the ability to pay the purge amounts.  These Constitutional

issues were not actually litigated, and they are not inextricably bound with the judgments

(which Plaintiff does not seek to reverse).  Thus, there is no basis to assert *Rooker-*

*Feldman* abstention under the circumstances of this case, forming another basis for

Plaintiff's Motion and request for leave to amend the complaint.  The other issues either

do not preclude Plaintiff's claims in their entirety or are deserving of giving Plaintiff leave to amend so that he can plead actionable claims.  There is simply no prejudice to Defendants in allowing Plaintiff leave to amend.

## **ARGUMENT**

Plaintiffs should be permitted to amend the June 29, 2017 Order to allow filing of an Amended Complaint not later than seven (7) business days from entry of any such order. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 276 (3d Cir. 2001); *see Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-5 (Fed. 3rd Cir., 2006).  Plaintiff brings this motion to Alter or Amend a Judgment, pursuant to Federal Rule of Civil Procedure 59(a)(2), which allows a party to challenge a judgment rendered in a non-jury case.  Through a Rule 59 motion, the Court may review its decision, thus rendering the order (once reviewed) appealable.  Specifically, Rule 59 of the Federal Rules of Civil Procedure provides:

> (a)(2) *Further Action After a Nonjury Trial.*  After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment  *   *   *

> (e)  MOTION TO ALTER OR AMEND A JUDGMENT.  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed.R.Civ.P. 59(a)(2), 59(e).

Similarly, Rule 60(b) of the Federal Rules of Civil Procedure provides for

> (b)  GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion

and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); *     *     *

(6)  any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

Finally, Rule 15 of Federal Rules of Civil Procedure provides as follows:

(a)(2) OTHER AMENDMENTS.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2)

*Pro se* plaintiffs are held to a less stringent standard that individuals represented by counsel, and, although Plaintiff is an attorney, he is entitled to invoke the same rule because he holds two jobs and is enrolled in school in an effort to improve his earnings.  *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). ("*Pro se* litigants are held to a lesser pleading standard than other parties.").  Even though plaintiff is *pro se*, he or she must "set forth sufficient information to outline the elements of [his or her] claim." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citing 5A C. Wright & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)).

In order to state a viable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)*; see Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  Plaintiff has done so, citing, among other authority, *Turner v. Rogers,* 564 U.S. 431 (2011), and *Barrett v. Barrett*, 470 Pa. 253, 263-264 (Pa. 1977), both of which Defendants essentially ignore.

In the Third Circuit, Courts are required to offer amendment in civil rights cases, particularly to *pro se* plaintiffs, unless doing so would be "inequitable or futile." *Fletcher-*

6

*Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). We have advised that "[t]he refusal to grant leave without any justification for the denial can be an abuse of discretion." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 276 (3d Cir. 2001); *see Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). Further, it is axiomatic that *pro se* pleadings must be construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Here, it is plain error to deny Plaintiff an opportunity to amend, where the Pennsylvania Courts refused to hear claims of Constitutional deprivations, the Constitutional rights protected have been the subject of well-established law. There is simply no analysis in the record or even in Defendant's Motion or Memorandum supporting the futility of Plaintiff amending when the violations of Constitutional provisions are so obvious.

*Fletcher-Harlee v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), provides that Rule 15(a) amendments may "be freely given when justice so requires." In contrast, Defendants pointed to the more recent Third Circuit decision of *Walsh v. Quinn*, 327 Fed. Appx. 353 (3d Cir. 2009), in which the Third Circuit concluded that Rule 59 and/or Rule 60 governs post-judgment requests for leave to amend. Walsh relies, at least in part, upon *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002).

The Third Circuit decision in *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-5 (Fed. 3rd Cir., 2006), is instructive:

> Arthur's delay was neither so egregious nor unexplained as to warrant refusal of leave to amend. The original complaint was filed in May 2002 and the proposed amendment was filed in April 2003, less than a year later Without discounting the expense involved in litigating a case for eleven months, only one appellate court uncovered in our research has approved of denial of leave to amend based on a delay of less than one year. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141-42 (5th Cir.1993) (nine months); *cf. Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994-95 (5th Cir.2005) (affirming denial of leave based on delay of one year); *Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir.2001) (same).

*Id.*; *see also Jang v. Boston Scientific Scimed, Inc.,* 729 F.3d 357, 368 (3d Cir. 2013) (holding that while the District Court's "cursory analysis of the delay and resulting prejudice was not optimal," plaintiff could move to amend since the Court was reversing); *In re Adams Golf Inc. Securities Litigation*, 381 F.3d 267, 280 (3rd Cir., 2004) (denying motion to amend complaint because the facts were known at the time the complaint was filed two years before the dismissal); *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015) (". . . the Rule 59(e) motion should be granted unless the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency" (citation and internal quotation marks omitted); *Williams v. Citigroup Inc.*, 659 F.3d 208, 210-14 (2d Cir. 2011) (reversing denial of post-judgment motion to amend and remanding for determination whether amendment would be futile); *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) ("[A] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered — for prejudice, bad faith, or futility."); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) ("The same standards [under Rule 15(a)] apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to [Rule] 59(e).").

## I.    PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND HIS COMPLAINT AS A PRO SE CONSTITUTIONAL LITIGANT

For the reasons set forth above and the following arguments, Plaintiff deserves the opportunity to replead his claims of Constitutional deprivations in light of the facts that have arisen since filing of the complaint, the Court's explanation of the reasons supporting its decision to exercise abstention doctrines, and the fact that this Court's determination of Plaintiff's Constitutional rights would not interfere with a state court judgment or proceeding (which rejected Plaintiff's petition to appeal nunc pro tunc after commencement of this action) and would not alter any of the economic terms that Defendants imposed.  Finally, Plaintiff and his

spouse do not have any custody disputes, such issues having been amicably resolved in an entirely separate agreement and order in separate docket, and there are no current proceedings regarding support issues, all economic terms having been fulfilled by Plaintiff.

### A.   THE COURT CORRECTLY REJECTED DEFENDANTS' ARGUMENTS THAT THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION BARS PLAINTIFF'S CLAIMS

This Court correctly, and consistent with longstanding Supreme Court and Third Circuit, precedent, rejected Defendants' argument for denying jurisdiction to this Court in this case. There is also no doubt that Plaintiff sought no relief with respect to any child custody order, which is not the subject of the orders from which the constitutional violations arose.  Mem. at 6 (citing *Wattie-Bey v. Att'y Gen.* 's *Office,* 424 F. App'x 95, 96 n.1 (3d Cir. 2011) (holding the complaint, which "invoke[d] federal question, not diversity, jurisdiction in seeking relief under § 1983," was not subject to dismissal under the domestic relations exception)).

### B.   IT IS ERROR FOR THIS COURT TO EXERCISE *YOUNGER* OR *ROOKER-FELDMAN* ABSTENTION WHEN THE STATE COURT PROCEEDINGS ARE CAPABLE OF REPETITION BUT TERMINATED WITHOUT DECISION OF THE CONSTITUTIONAL MERITS

A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.  *Younger*, 401 U.S. 37, 91 S.Ct. 746. However, "abstention rarely should be invoked," *Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), and is only appropriate "in a few carefully defined situations," *Gwynedd Properties* v. *Lower Gwynedd Tp.*, 970 F.2d 1195, 1199 (3rd Cir. 1992). The Third Circuit exercises plenary review over the legal determination of whether the requirements for abstention have been met.  Once it determines that the requirements have been met, the district court's decision to abstain under *Younger* abstention principles for abuse of discretion."   Gwynedd Properties, 970 F.2d at 1199 (citations omitted).   The Court noted that

in conducting this review, "we are mindful that the mere existence of a pending state proceeding between the parties that parallels the facts of the federal action is not in itself sufficient." *Id.* at 1201. All three prongs must be satisfied in order for a federal court to properly abstain from exercising its jurisdiction over a particular complaint. *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 413 (3d Cir. 2005).

The Court correctly explains the central issue provided by the *Rooker-Feldman* doctrine, explaining:

> A federal claim is "inextricably intertwined with a state adjudication" for purposes of the *Rooker-Feldman* doctrine where "federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* (internal quotation marks omitted); *see also McAllister v. Allegheny Cty. Fam. Div.*, 128 F. App'x 901, 902 (3d Cir. 2005) ("*Rooker-Feldman* does not allow a [party] to seek relief that, if granted, would prevent a state court from enforcing its orders."). "When, however, a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, *Rooker-Feldman* is not a bar to federal jurisdiction." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010).

Mem., at p. 7.

This Court should not use prudential abstention principles to avoid substantive determination of Constitutional violations as enacted in sections 1983 and 1988 pursuant to *Rooker-Feldman* or *Younger* abstention principles for three principle reasons.

First, as the Court notes in a footnote several pages earlier, the Supreme Court has held that Due Process requirements, as well as the Sixth Amendment, requirement appointment of counsel and an express finding of the present ability to comply with the purge amount at the time of entry of the Order. Those claims were never litigation or decided by Defendants or the State Court. Thus, even if this Court correctly articulated abstention principles, this Court should not dismiss with prejudice claims of Constitutional deprivations without allowing a pro se Plaintiff an opportunity to replead.

Second, although the Court correctly notes that Plaintiff does not seek to alter any state court judgment regarding child custody—there being no present dispute or any during the pendency of this litigation about custody—many of the cases the Court rely on involve sensitive determination of custody.  In contrast, Plaintiff squarely asks this Court to determine if, consistent with Supreme Court precedent, DRD violated the constitution by refusing to provide counsel, refusing to stay imposition of the remedy to allow payment of the purge, relief from the injunction, or an opportunity to settle with the former employer (so as to receive the funds already imputed into the support calculations), and refusing to consider Plaintiff's constitutional claims under the V, VI, and XIV Amendments.

Third, Defendants simply did not follow the state and federal Constitutional requirements.  *Turner v. Rogers,* 564 U.S. 431 (2011), and *Barrett v. Barrett*, 470 Pa. 253, 263-264 (Pa. 1977).  Thus, abstention is plainly inappropriate.  Even if all three of critical components for abstention exist, and Plaintiff contends that they do not, *Younger* abstention is not appropriate where "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist . . . such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted." *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).  Here, and another basis for allowing Plaintiff opportunity to amend, there was bad faith in that Defendants inaccurately stated Plaintiff had paid nothing in support during the year 2014, *see* First Amended Complaint, when in fact he had paid approximately $20,000 that year alone and counsel for Plaintiff's former Wife did not correct the record.  Further, apparently to defeat appellate review, the Court apparently failed to include any documentation of its contention that Plaintiff paid no support during 2014 even while he was fully garnished, despite making transcribed statements that the report was being entered into the record.  Finally, there is

11

no need to show deference to the proceeding because Plaintiff is not seeking to enjoin some specific effort to recover sums owed to Plaintiff's former spouse, such amounts being fully paid, and Plaintiff working two jobs (and enrolled as a student) as an effort to improve his income. These extraordinary, senseless deprivations without any finding of an ability to comply with the purge factor, lifting of the injunction on Plaintiff's only significant asset, or any delay in imposition of the remedy to allow for settlement of the severance claims—which were already imputed into income for support, and any determination of the modification petitions are the type of extraordinary circumstances making *Younger* abstention is inappropriate.

Furthermore, the collateral consequences of the lack of pre-deprivation procedures render extraordinary relief necessary once the State Court refused to consider a pro se, indigent litigant's Constitutional claims. Such circumstances exist where there is an "extraordinarily pressing need for immediate federal equitable relief" created, because a "state court is incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975). "Some actual showing of bias or prejudice must be made," *Makihail*, 991 F. Supp. 2d at 631, and Plaintiff has made no such showing here. Accordingly, Plaintiff's request for injunctive relief is barred by Younger. The failure of the DRD to even respond to Plaintiff's written requests for its service of the Decree and his failure to receive it, followed by the Court's denial of Petition to Appeal nunc pro tunc, and its unwillingness to enter ancillary orders to effectuate its decree according to federal law allowing for Qualified Domestic Orders, establish the reasons for this Court to not exercise *Younger* abstention. After all, it is not the deprivation itself that is actionable, but the deprivation without the requisite process.[1]

---

[1] Another type of due process claim arises when a plaintiff has been deprived of life, liberty, or property by state officials acting pursuant to established state procedure that failed to provide for pre-deprivation process in a situation where such process was possible, practicable, and constitutionally required. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982); *see also Mathews v. Eldridge* 424 U.S. 319, 335 (1976); *Augustin v. City of Phila.*, Case No. 2:14-

C.    THE ELEVENTH AMENDMENT PROVIDES NO BAR TO PLAINTIFF'S CLAIMS & EMPHASIZES THE REASONABLE NEED FOR DISCOVERY & AMENDMENT TO REMEDY SIGNIFICANT CONSTITUTIONAL DEPRIVATIONS

The Court correctly notes that Plaintiff's claims against Defendants for prospective relief in their official capacities are sound.  The immunity claims apply only to monetary claims against Defendants, not to claims against private parties that may have aided or assisted in the Constitutional deprivations, to which neither Eleventh Amendment immunity, nor *Younger* abstention would apply.  For these reasons, Plaintiff requests leave to amend his complaint to maintain claims and limited discovery to determine the other possible participants in the deprivations, given that one other respondent apparently suffered a major medical event in the presence of Plaintiff, private counsel argued a motion and misleadingly did not correct the Court's documented misimpression that Plaintiff had made no support payments when in fact he had paid approximately $20,000 that year, and failed to correct the Court that prior withdrawals from Plaintiff's retirement account were subject to tax, thereby overestimating the amounts received.

In any event, it is clear that Eleventh Amendment Immunity is not the basis for the Court's dismissal of the claims with prejudice or any basis for holding that any amendment would be futile.  As the Court correctly held:

cv-04238 (E.D. Pa. March 17, 2016), *7-9 (granting summary judgment in part for Section 1983 plaintiff and relying on *Turner* and other cases); *In Re Ocean Warrior, Inc***.** 835 F.3d 1310, 1315 (2016); *Edelman v. Jordan*, 415 U.S. 651 (1974) (holding that injunctive and declaratory relief against state officials does not violate the Eleventh Amendment, but that the Constitution prohibits retroactive monetary damages); *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001) (holding that statutory causes against states under American with Disabilities Act were not barred by the Eleventh Amendment and could be maintained under *Ex parte Young*); *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) ("[T]he *Rooker-Feldman* doctrine has been construed by some federal courts to extend far beyond the contours of the *Rooker* and *Feldman* cases.

Pursuant to *Ex Parte Young*, however, a state official is a "person" for purposes of § 1983 where a plaintiff seeks only prospective relief. *Will*, 491 U.S at 71 n.10 ("[A] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal quotation marks omitted)); *MA. ex rel. E.S. v. State-Operated Sch. Dist. of Newark*, 344 F.3d 335, 34 5 (3d Cir. 2003) (noting the exception to Eleventh Amendment immunity for "suits against individual state officials for prospective relief to remedy an ongoing violation of federal law"). **Accordingly, to the extent [Plaintiff] seeks prospective relief for actions taken by [Defendants], those claims are not barred by the Eleventh Amendment.**

Mem., at p. *12-3 (emphasis supplied).

Plaintiff readily concedes that he cannot seek independent monetary damages against Defendants for violation of Constitutional rights in Count I because of the doctrine of immunity under the Eleventh Amendment. However, Plaintiff, as a *pro se* litigant, who suffered a facially obvious Constitutional deprivation in the denial of counsel, denial of pre-deprivation findings of present ability to meet the purge factor, denial of state court consideration of constitutional claims, denial of service of the actual divorce decree that was apparently intended to deprive Plaintiff of his ability to invoke state court appeal remedies for Constitutional deprivations, erroneous misstatement of the amount of support paid during the calendar year by approximately $20,0000, the unwillingness of Defendants to lift the injunction to allow Plaintiff to maintain the present ability to pay the purge factor, and other violations should be given the opportunity to conduct discovery and file amendments regarding other participants in this Constitutional deprivation, who are currently unknown to Plaintiff.

*       *       *

For the reasons set forth above, Plaintiff respectfully requests that the Court allow Plaintiff's Motion to Reopen, Amend, and/or for Relief from Judgment and file an amended Complaint.

14

Respectfully Submitted,

/s/  Kai W. Lyman_____
Kai W. Lyman, Esq.
P.O. Box 312
Bryn Mawr, PA  19010
215-480-7987

July 27, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2017, I personally caused to be served upon counsel of record a true and correct copy of the foregoing by electronic filing system.

/s/  Kai W. Lyman_____
Kai W. Lyman, pro se
P.O. Box 312
Bryn Mawr, PA  19010
215-480-7987